**Guillermina LOPEZ, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI,\* Commissioner, Social Security Administration, Defendant–Appellee.**

No. 00–55405.

D.C. No. CV–99–05002–E.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2001.\*\*

Decided Nov. 1, 2001.

\* Larry G. Massanari is substituted for his predecessor, Kenneth S. Apfel, as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before BROWNING, FERNANDEZ, and FISHER, Circuit Judges.

MEMORANDUM***

On April 12, 2000, the Social Security Administration (SSA) Appeals Council ordered remand to determine whether Lopez was disabled on or after September 28, 1994, the date of her Title XVI application. Accordingly, the Commissioner asks for affirmation on appeal only of the Administrative Law Judge's (ALJ) determination that Lopez was not disabled before September 30, 1992, her date of last insured (DLI). We restrict our review of the ALJ's decision to that time period.

Lopez fell and seriously injured the muscles in her back and left hand, shoulder and knee on October 30, 1990. She was treated by two trauma clinics between November 1990 and October 1992, each of which advised that she would likely have recurrent problems from her injuries when performing normal daily activities. At her hearing before an ALJ in July 1996, Lopez testified that she suffered from severe symptoms from her fall through September 30, 1992, including having problems with sitting, walking or standing for long periods of time in addition to chronic cramping in her left hand. She claimed that these various problems prevented her from performing her past work of 20 years as a sewing machine operator.

The ALJ rejected Lopez's application for disability benefits, stating that "[a]lthough claimant's testimony would suggest significant functional difficulties, I do not find it fully credible." We are called upon to decide whether the ALJ properly dismissed the subjective account Lopez gave of her symptoms as they existed prior to September 30, 1992.

I.

"It is settled law that a district court's decision to affirm, reverse or modify a

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

determination of the Social Security Administration is reviewed *de novo* on appeal." *Harman v. Apfel,* 211 F.3d 1172, 1174 (9th Cir.2000). This court "must independently determine whether the Commissioner's decision (1) is free of legal error and (2) is supported by substantial evidence." *Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir.1996). "Substantial evidence means more than a scintilla, but less than the preponderance. Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal citations and quotation marks omitted).

### A.

■ Under *Smolen,* if a claimant who alleges disability based on subjective symptoms produces objective medical evidence which could reasonably be expected to produce some level of symptoms and there is no evidence of malingering, an "ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1281; *see also Vertigan v. Halter,* 260 F.3d 1044, 1049 (9th Cir.2001) ("absent affirmative evidence of malingering, an ALJ cannot reject a claimant's testimony without giving clear and convincing reasons.").

The ALJ stated that there are "very little objective findings in the record to support her subjective symptoms," citing the lack of any evidence of major "significant anatomical or physiological abnormalities" in radiology reports. These records, however, could not be expected to display Lopez's major injuries since they were "musculoligamentous" (damage of muscle tissue) in nature.

Lopez was under the care of treating physicians relating to her fall between November 1990 and January 1991 and again between April and October 1991. The reports of her physicians in each of those periods reflected that Lopez suffered "acute post traumatic musculoligamentous injury" that caused her "severe pain in her neck, left shoulder, left hand, low back, left hip and left knee." Each report commented that it was likely that the injuries would produce recurring symptoms. Dr. Lolita Reyes, for example, commented that Lopez's "damage to the muscles, ligaments, joints and tendons of the axial skeleton with the progression of time, may result in chronic degenerative hypertophic changes" and "the patient's left shoulder, left hand and left knee sprain ... may be the beginning of a slow and painful process of traumatic arthritis."

These findings create sufficient objective medical evidence that could reasonably be expected to produce some level of symptoms of the type Lopez testified to at her hearing. Accordingly, the ALJ could only reject Lopez's testimony about the severity of her symptoms by offering specific, clear and convincing reasons for doing so.

### B.

■ The reasons given by the ALJ for rejecting Lopez's testimony were not sufficiently "specific, clear and convincing." That standard is the most demanding required in Social Security cases. It is the same standard that an ALJ must meet in order to reject the uncontradicted opinion of a treating physician. *See Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995).

The ALJ based her rejection of Lopez's testimony primarily on the facts that Lopez had searched for work, worked part time picking up trash at a school and completed daily living activities consisting of light housework, exercise, washing clothes and cooking for herself. Although these factors were appropriately considered, they do not, without more, form adequately clear and convincing reasons for rejecting Lopez's testimony.

That Lopez looked for work may suggest that she thought she could perform her past job, but it is not clear and convincing evidence that she could perform her past work.[1] Likewise, the fact that she did light work for seven days a month does not show she was physically able to work at a full time job.

Finally, "[w]ith respect to daily activities, this court has held that if a claimant is able to spend a *substantial part* of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." *Vertigan*, 260 F.3d at 1049. But "[t]his court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Id.* at 150 (emphasis in original) (citations and internal quotation marks omitted). *See also* 20 C.F.R. 404.1572 (household tasks not to be considered substantial gainful activity). Lopez did not testify that "a substantial part" of her day was filled by daily activities. Her ability to perform some daily activities is not clear and convincing evidence that she could perform her past work.

## II.

This court has discretion to remand a case for further evidence or to award benefits. "[T]he decision of whether to re-mand for further proceedings turns on the likely utility of such proceedings." *Harman*, 211 F.3d at 1179. The court may direct an award where the record has been fully developed and where further administrative proceedings would serve no useful purpose. *Smolen*, 80 F.3d at 1292.

The record is not fully developed. Step five, allowing the Commissioner to prove that she can do other work available in the national economy, was not performed by the ALJ. In addition, the Appeals Council's remand of Lopez's case in regard to her Title XVI application leaves an outstanding issue that needs to be resolved before a final determination can be made.

## CONCLUSION

The ALJ's decision that Lopez was not disabled prior to September 30, 1992, is reversed. Because step five of the inquiry was not completed and the Appeals Council has ordered a remand of part of Lopez's application, we remand for further proceedings.

## REVERSED AND REMANDED.

---

1. The ALJ also found it relevant that Lopez testified that she applied for unemployment benefits, since such an application requires a statement that the applicant is ready and willing to work. Whether Lopez actually applied for unemployment benefits or disability benefits is a matter of some conflict between the parties and within the record. We assume, however, that if Lopez had in fact applied for unemployment benefits it would only be evidence that Lopez was seeking, not that she could perform, work.